IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

HYDROJUG INC., a Delaware corporation,

    Plaintiff,

v.

HYDROMATE LLC and NATUREWORKS LLC
Florida limited liability companies,

    Defendants.
_____/

## COMPLAINT

Plaintiff Hydrojug Inc. ("Hydrojug"), through its undersigned attorneys, hereby files its Complaint against Defendants Hydromate LLC and NatureWorks LLC and alleges as follows:

### THE PARTIES

1.    Hydrojug is a Delaware corporation with a principle place of business of 2675 Industrial Drive, Suite 203, Ogden, UT 84401.

2.    Hydromate LLC and NatureWorks are Florida limited liability companies (collectively "Hydromate"), both with a principal place of business at 1314 E. Las Olas Blvd Suite 1002, Fort Lauderdale, FL 33301.

### JURISDICTION AND VENUE

3.    This is a civil action for: (i) trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a); (ii) trademark infringement

1

and unfair competition under Florida common law; and (iii) patent infringement under 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action under at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338(a), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form a single case or controversy.

5. This Court has personal jurisdiction over Hydromate because Hydromate does substantial business in Florida, its principle place of business lies therein, and it is a Florida entity.

6. Venue is proper in this judicial district under at least 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391 since the named defendants conduct business in this Judicial District and a substantial portion of the events or omissions giving rise to this action occurred in this Judicial District.

**FACTUAL BACKGROUND**

7. Hydrojug is a domestic and global retailer of large specialized water bottles for fitness.

8. Hydrojug started selling its signature, half-gallon water bottles in 2016, and soon thereafter expanded its product line to include water bottle sleeves and carriers, straws, and now electrolyte supplements.

9. The predominant focus of Hydrojug's products and marketing is encouraging people to hydrate and drink water.

10. Hydrojug is the owner of several HYDROJUG federal trademark registrations for its goods and services, including:

a. **U.S. Reg. No. 5414493**, for the mark:



(filed April 21, 2017, registered February 27, 2018, with a first use in commerce date of January 13, 2017) for *reusable plastic water bottles sold empty*;

b. **U.S. Reg. No. 5870021**, for the mark **HYDROJUG** (filed January 29, 2019, registered September 24, 2019, with a first use in commerce date of January 13, 2017) for *drinking straws; drinking straws of plastic; insulating sleeve holder for bottles; insulating sleeve holders made of neoprene for jars, bottles or cans; reusable plastic water bottles sold empty*; and

c. **U.S. Reg. No. 6015313**, for the mark:



(filed July 9, 2019, registered March 17, 2020, with a first use in commerce date of January 13, 2017) for *drinking straws; drinking straws of plastic; insulating sleeve holder for bottles; insulating sleeve holders made of neoprene for jars, bottles or cans; and on-line retail store services featuring hydration*

> *products and accessories, namely, water bottles, drinking bottles for sports, and bottle accessories including sleeves, carriers, and straws.*

These trademark registrations are attached hereto as "Exhibit A." The Hydrojug marks are collectively referred to hereafter as "the Hydrojug Mark".

11. Hydrojug also has unique product designs that are protected by a portfolio of patents and patent applications, including United States Design Patent No. D889,914 for a CONTAINER SLEEVE ("the '914 Patent") that surrounds water bottles. The '914 Patent is attached hereto as "Exhibit B."

12. Hydromate began in late 2018 and/or early 2019, and immediately patterned itself after Hydrojug by mimicking its product offerings, marks, themes, and product designs.

13. For example, Hydromate primarily offers water bottles—including half-gallon bottles—and water bottle accessories such as container sleeves that surround water bottles, straws, and electrolyte supplements.

14. Moreover, Hydromate's marketing also focuses on hydration and encouraging people to drink water.

15. Also, Hydromate markets its products under the word mark HYDROMATE and the stylized mark:



which are confusingly similar to the Hydrojug Mark in that they incorporate the predominant HYDRO- prefix/element and/or single droplet stylization. The Hydromate marks are collectively referred to hereafter as "the Hydromate Mark".

16. Hydrojug has documented <u>actual</u> confusion between the Hydrojug and Hydromate marks, including:

    a. Hydromate customers contact Hydrojug to follow-up on their Hydromate orders;

    b. Hydromate customers contact Hydrojug with complaints of defective Hydromate product and requests for refunds and/or returns;

    c. Hydromate customers contact Hydrojug with delivery complaints for Hydromate product orders;

    d. Hydromate customers mistakenly post negative Hydromate product reviews on Hydrojug's social media; and

    e. Customers contact Hydrojug with requests to explain the connection and/or affiliation between Hydrojug and Hydromate.

17. Hydromate also uses, sells, and offers for sale container sleeves that embody the claimed design of the '914 Patent (the "Accused Products"). Exemplary Accused Products are set forth hereto as "Exhibit C".

18. The designs of the Accused Products are substantially the same as the design that is the subject matter of the '914 Patent. For example, they have the same and/or highly similar shape and dimensions, apertures, and pockets:



*'914 Patent, Figure 1*



*'914 Patent, Figure 5*



*Hydromate Sleeve*



*Hydromate Sleeve*

6

19. The designs of the Accused Products are so similar to the design that is the subject matter of the '914 Patent that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the '914 Patent.

20. Upon information and belief, Hydromate had pre-suit knowledge of Hydrojug's protected trademarks and the '914 Patent.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement – 15 U.S.C. § 1114)**

21. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

22. Hydromate's use of the Hydromate Mark in connection with its products is <u>actually causing confusion</u>, and is likely to continue to cause confusion, mistake and deception among consumers, the public, and trade as to whether Hydromate's products and/or services are affiliated with, sponsored by, or endorsed by Hydrojug.

23. The Hydromate Mark is similar to the Hydrojug Mark in overall appearance, visually, phonetically, meaning, and commercial impression by incorporating the dominant HYDRO- prefix element and/or single drip design element.

24. Hydromate's products under Hydromate Mark are identical and/or highly similar to those under the Hydrojug Mark.

25. Hydromate and Hydrojug are competing retailers that are in the same and/or highly similar online trade channels and have similar classes of purchasers of their respective goods who do (and will continue to) encounter these marks in similar online, brick and mortar, retail, and/or tradeshow environments.

26. In all respects, Hydrojug's rights in the Hydrojug Mark, are prior and therefore superior to those of Hydromate in the Hydromate Mark.

27. Hydromate's actions constitute infringement of Hydrojug's registered marks in violation of the Lanham Act, 15 U.S.C. § 1114(1).

28. Hydromate has acted with actual or constructive knowledge of the Hydrojug's Marks and registrations, and upon information and belief, deliberate intention to confuse consumers, or willful blindness to Hydrojug's rights.

29. Hydromate has made and will continue to make substantial profits and/or gains to which it is not entitled.

30. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125[a])**

31. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

32. Hydrojug owns valid trademarks entitled to protection under the Lanham Act.

33. Hydromate has demonstrated a deliberate intent to trade off the goodwill of the Hydrojug Mark as a means of increasing Hydromate's own sales volume at the expense of Hydrojug.

34. Hydromate's deliberate conduct results in, and is likely to result in, consumers purchasing Hydromate product in mistaken belief that it originates from Hydrojug.

35. Hydromate's use of a mark and/or marks confusingly similar to the Hydrojug Mark in connection with identical or highly similar goods causes, and is likely to cause, confusion, mistake, and/or deception as to the affiliation, connection, or association of Hydromate with Hydrojug, or as to the origin, sponsorship, or approval of Hydromate's goods, services, or commercial activities by Hydrojug.

36. Hydromate's actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15, U.S.C. § 1125(a).

37. Hydromate has made and will continue to make substantial profits and/or gains to which it is not entitled.

38. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## THIRD CLAIM FOR RELIEF

### (Florida Common Law Trademark Infringement)

39. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. Hydrojug owns valid trademarks entitled to protection under Florida common law.

41. Use of the Hydromate Mark in connection with Hydromate's products is <u>actually causing confusion</u>, and is likely to continue to cause confusion, mistake and deception among consumers, the public, and trade as to whether Hydromate's products and/or services are affiliated with, sponsored by, or endorsed by Hydrojug.

42. Hydromate's conduct constitutes trademark infringement under Florida common law, and has caused and will continue to cause Hydrojug to incur damage.

43. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## FOURTH CLAIM FOR RELIEF

### (Florida Common Law Unfair Competition)

44. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

45. Hydromate has infringed Hydrojug's marks in violation of Hydrojug's trademark rights.

46. Hydromate has demonstrated a deliberate intent to trade off the goodwill of the Hydrojug Mark as a means of increasing Hydromate's own sales volume at the expense of Hydrojug.

47. Hydromate's deliberate use of Hydrojug's marks (or similar variations thereof) in connection with identical or highly similar goods is causing, and is likely

to continue to cause, confusion, mistake or deception as to the affiliation, connection or association of Hydromate with Hydrojug, or as to the origin, sponsorship, or approval of Hydromate's goods, services, or commercial activities by Hydrojug.

48. Hydromate's deliberate conduct is likely to result in consumers purchasing Hydromate's product in mistaken belief that it originates from Hydrojug.

49. Hydromate's conduct constitutes unfair competition under Florida common law, and has caused, and will continue to cause, Hydrojug to incur damage.

50. By reason of the foregoing, Hydrojug has been and will continue to be irreparably harmed and damaged. Hydrojug's remedies at law are inadequate to compensate for this harm and damage.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. D889,914)

51. Hydrojug realleges and incorporates the foregoing paragraphs as though fully set forth herein.

52. Hydromate has infringed, and continues to infringe the '914 Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the design of which is substantially the same as the ornamental design of the '914 Patent.

53. The Accused Products are identical and/or so substantially similar to the design of the '914 Patent as to deceive an ordinary observer.

54. Hydromate's actions constitute infringement of the '914 Patent in violation of 35 U.S.C. § 271. Hydrojug has sustained damages and will continue to sustain damages as a result of Hydromate's aforementioned acts of infringement.

55. Hydrojug is entitled to recover damages sustained as a result of Hydromate's wrongful acts in an amount to be proven at trial.

56. Hydromate's infringement of Hydrojug' rights under the '914 Patent will continue to damage Hydrojug's business, causing irreparable harm, for which there is no adequate remedy at law, unless Hydromate is enjoined by this Court.

57. Hydromate has willfully infringed the '914 Patent, entitling Hydrojug to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

58. Alternatively, Hydrojug is entitled to recover Hydromate's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Hydrojug prays for judgment as follows:

A. A judgment finding Hydromate liable for trademark infringement, unfair competition, and patent infringement;

B. An order enjoining Hydromate from:

(1) using the Hydromate Mark, or any similar variations thereof;

(2) using any trademark that imitates or is confusingly similar to the Hydrojug Mark, or is likely to cause confusion, mistake, deception, or

        public misunderstanding as to the origins of Hydromate's goods or their relatedness to Hydrojug; and

        (3) engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate Hydrojug's trademark rights;

    C.    That Hydromate be ordered to deliver up for destruction all water bottles, water bottle sleeves, straws, and other accessories, supplements containers, labels, signs, packaging, advertising, promotional material or the like in the possession, custody or control of Hydromate bearing a trademark found to infringe Hydrojug's trademark rights, as well as all plates and other means of making same.

    D.    That Hydromate be ordered to pay damages, including but not limited to its profits, and those damages be trebled under 15 U.S.C. § 1117.

    E.    That Hydromate be compelled to account to Hydrojug for any and all profits derived from its illegal acts complained of herein under 15 U.S.C. § 1117.

    F.    That Hydromate be ordered to pay Hydrojug's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

    G.    An order requiring Hydromate to make an accounting for all Accused Products it made, used, sold, offered for sale, or imported in the United States;

    H.    Orders of this Court temporarily, preliminarily, and permanently enjoining Hydromate, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the '914 Patent, pursuant to at least 35 U.S.C. § 283;

I. An award of damages adequate to compensate Hydrojug for Hydromate's infringement of the '914 Patent, in an amount to be proven at trial, or in the alternative, an award of Hydromate's total profits under 35 U.S.C. § 289;

J. An award of treble Hydrojug's damages, pursuant to at least 35 U.S.C. § 284;

K. A declaration that this is an exceptional case and that Hydrojug be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

L. An award of Hydrojug's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

M. An award of Hydrojug's attorney's fees, pursuant to all applicable state statutory and common law.

N. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

O. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

P. For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Hydrojug demands trial by jury on all claims and issues so triable.

Dated January 15, 2021          Respectfully submitted,

By:   /s/ Steven I. Peretz
Steven I. Peretz
Florida Bar No.: 329037
speretz@pch-iplaw.com
Alberto Alvarez
aalvarez@pch-iplaw.com
Florida Bar No.: 106859
Peretz Chesal & Herrmann, P.L.
1 S.E. 3rd Avenue
Suite 1820
Miami FL 33131
Tel: 305.341.3000
*Counsel for Plaintiff*

Preston P. Frischknecht
(USB #11286)
(*pro hac vice admission to be requested*)
preston@projectcip.com
PROJECT CIP
399 N Main, Suite 220
Logan, UT 84321
Telephone: (435) 512-4893
*Counsel for Plaintiff*

15